IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JACK RAY WALLACE,

                Plaintiff

    VS.                              NO. 5:07-CV-166 (HL)

HALE BURNSIDE, *et al.*,

                Defendants      **PROCEEDINGS UNDER 42 U.S.C. §1983**
                                    **BEFORE THE U. S. MAGISTRATE JUDGE**

## ORDER AND RECOMMENDATION

JACK RAY WALLACE, a prisoner within the Georgia Department of Corrections, has filed the above-styled case in which he alleges that the defendants violated his Eighth Amendment right to be free of cruel and unusual punishment when they issued him contaminated eye drops that had been previously issued to and returned by another inmate. He contends that use of these eye drops caused him "to suffer excruciating eye pain and blindness." The defendants have filed a **MOTION TO DISMISS** the above-styled action. Tab #8. They argue that the plaintiff's claims are barred by collateral estoppel and that they are entitled to immunity on the merits of the plaintiff's claim.

Also before the court is the plaintiff's **MOTION TO APPOINT COUNSEL**, in which he claims that he is unable to litigate his case properly because he is legally blind. Tab #15. Upon review of his motion, the undersigned ordered that he provide additional information to the Court regarding his blindness, particularly with how it affected his ability to read and write. Upon a review of the filings by both the plaintiff and the defendants, which includes the affidavit of Dr. Hale Burnside who has seen the plaintiff read small print, the undersigned does not believe that the plaintiff's rights are being prejudiced without counsel, and therefore his **MOTION TO APPOINT COUNSEL** is **DENIED**. See *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)

## MOTION TO DISMISS

### Collateral Estoppel

The defendants' claim that the instant action is barred by collateral estoppel is without merit. While the plaintiff had filed another case regarding inappropriate treatment for his eye (*Wallace v. Burnside*, *et al.*, 5:06-CV-268 (CDL)), that case did not deal with the cause of action presented by plaintiff Wallace in this action, to-wit: the prison medical personnel's deliberate issuance of eye drops that had been previously issued to another inmate. Accordingly, IT IS RECOMMENDED that the defendants' MOTION TO DISMISS be **DENIED** as to contentions of res judicata and/or collateral estoppel.

### Official Capacity Defendants

The defendants also argue that to the extent they are sued in their official capacities, they are entitled to immunity. They are correct, and IT IS RECOMMENDED that their MOTION TO DISMISS be **GRANTED** to the extent that the are sued in their official capacity.

### Qualified Immunity

Qualified immunity shields government actors — in their individual capacities — from suit unless their actions violate a federal statutory or constitutional right that was clearly established at the time of the defendant's action. The defendants argue that they are entitled to qualified immunity on the merits of the plaintiff's claim.

However, the defendants' motion and brief attempt to state the plaintiff's claim as one of a disagreement in medical judgment. Such is not the case: Plaintiff's complaint clearly sets forth allegations that the defendant medical personnel at the prison in which he was incarcerated deliberately provided him with a medication that had previously been opened, used, and contaminated by another inmate. Medications come with tamper-proof seals for a reason, and it is common knowledge that if the seal on a medication is broken before the user receives it, the medication inside may have been compromised and may not be suitable for use.

Neither party has briefed this specific issue of whether the action of providing possibly contaminated medication constitutes deliberate indifference or is more properly addressed as negligence. Accordingly, the undersigned finds that further factual development and legal argument is necessary in order to determine if dismissal is appropriate under §1983 and if the action would be more appropriately brought in state court. *See* O.C.G.A. §51-1-24.

Accordingly, IT IS RECOMMENDED that the defendants' MOTION TO DISMISS be **DENIED** as to their assertion of qualified immunity. The undersigned will reconsider this issue after proper briefing by the parties. The parties shall be afforded the opportunity to brief this issue by filing their briefs within THIRTY (30) DAYS of the acceptance of this recommendation.

## MOTION FOR PRELIMINARY INJUNCTION

Finally, plaintiff Wallace has filed a motion asking for a preliminary injunction, alleging that defendant HALE BURNSIDE has retaliated against the plaintiff and has given the plaintiff an ultimatum that the plaintiff could either drop this lawsuit or have his profiles discontinued. Tab #32. Such allegations do not involve the facts and circumstances at issue in this lawsuit. However, they do constitute grounds for relief under Section 1983 which are more appropriately addressed in a new and separate lawsuit. Accordingly, plaintiff's motion is DENIED without prejudice to his right to institute a new lawsuit against Dr. Burnside alleging retaliation.

**CONCLUSION**

Accordingly, IT IS RECOMMENDED that the defendants' **MOTION TO DISMISS** be **PARTIALLY GRANTED and PARTIALLY DENIED** as set forth above. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO ORDERED AND RECOMMENDED this 28th day of FEBRUARY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE