IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JACK RAY WALLACE, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. |
| | : | 5:07-CV-166-HL |
| HALE BURNSIDE, et al., | : | |
| Defendants. | : | |

# **ORDER**

Before the Court is a Report and Recommendation (Doc. 33) from United States Magistrate Judge Claude W. Hicks that deals with three motions that are presently pending in this case: (1) Plaintiff's Motion to Appoint Counsel (Doc. 15); (2) Defendant's Motion to Dismiss (Doc. 8); and (3) Plaintiff's Motion for Preliminary Injunction (Doc. 32). The Recommendation recommends denying Plaintiff's Motion to Appoint Counsel, granting in part and denying in part Defendant's Motion to Dismiss, and denying without prejudice Plaintiff's Motion for Preliminary Injunction. Plaintiff has filed objections to (1) the denial of his Motion to Appoint Counsel, (2) the grant of Defendant's Motion to Dismiss Plaintiff's official capacity claims, (3) and the Magistrate Judge's decision to afford Defendant an opportunity to rebrief the qualified immunity issue. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Plaintiff's objections and has made a de novo determination of the portions of the Recommendation to which Plaintiff objects. The Court will address

1

Plaintiff's objections in turn.

I.  **APPOINTMENT OF COUNSEL**

Civil litigants do not have an absolute constitutional right to the appointment of counsel. Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). The appointment of counsel in a civil case is "a privilege that is justified only by exceptional circumstances." Id. The factors a court should consider in determining whether exceptional circumstances are present include:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.

Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982) (citations omitted).

Here, Plaintiff contends that he needs appointed counsel because he is legally blind. The Magistrate Judge recommended denying Plaintiff's request for counsel because there was evidence (an affidavit from Dr. Burnside) that Plaintiff was able to read small print. Plaintiff's alleged blindness goes to the factors that ask whether the pro se litigant is capable of adequately presenting his case and whether he can adequately investigate his case. This Court agrees with the Magistrate Judge's conclusion that in spite of his visual deficiencies, Plaintiff can adequately present and investigate his case because he is capable of reading small print. In addition, Plaintiff's case is not complex because the main issue in the case is

simply whether it constitutes deliberate indifference for a prison pharmacist to provide an inmate with eye drops that had already been opened and partially used by another inmate. Finally, Plaintiff has not addressed whether his case will depend in large part on conflicting evidence. It is axiomatic that to some extent conflicting testimony or evidence is present in all cases. But after reviewing the filings in this case, this Court finds that this case will not consist in large part of conflicting testimony. For these reasons, this Court agrees with the Magistrate Judge's conclusion that Plaintiff's Motion to Appoint Counsel should be denied.

## II. OFFICIAL IMMUNITY

The Magistrate Judge recommended granting Defendants' Motion to Dismiss to the extent that Defendants are being sued in their official capacities. Plaintiff has sued Defendants under § 1983 in both their official and individual capacities seeking both damages and prospective injunctive relief.[1] "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Will v. Michigan Dept. Of State Police, 491 U.S. 58, 66 (1989). Because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," the principles governing whether a governmental entity can be sued under §1983 also apply when a claim is brought against a government official in his or her official capacity. Id. at 71. Thus, claims against a government official in his or her

---

[1] The prospective injunctive relief Plaintiff has requested is that Defendants provide adequate diagnostic procedures and treatment for his injured eye.

3

official capacity cannot generally be brought under § 1983. Id.

Although most claims against a governmental official in his or her official capacity are treated as claims against the government entity, "official-capacity actions for prospective relief are not treated as actions against the State." Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985). Accordingly, a claim for prospective relief can be brought under § 1983 against governmental officials in their official capacity; however, a claim for retrospective relief is barred. Therefore, Plaintiff's § 1983 claim is dismissed to the extent that he seeks damages from Defendants in their official capacities, but Defendants are not entitled to official immunity on Plaintiff's claim for prospective injunctive relief.

For these reasons, this Court agrees with the Magistrate Judge that Plaintiff's § 1983 claim for damages against Defendants in their official capacities should be dismissed. But the Magistrate Judge did not analyze Plaintiff's claim for prospective relief in recommending dismissal. Because official immunity does not bar Plaintiff from pursuing a claim for prospective relief, this Court rejects the Recommendation to the extent that it recommends dismissing Plaintiff's claim for prospective injunctive relief against Defendants in their official capacities.

### III. QUALIFIED IMMUNITY

Defendants moved for dismissal of Plaintiff's individual capacity claims on the ground that they are barred by the doctrine of qualified immunity. In issuing his Recommendation, the Magistrate Judge determined that he could not rule on this issue because the Defendants had not properly briefed it. As a result, the Magistrate Judge

recommended denying Defendant's Motion to Dismiss Plaintiff's individual capacity claims but stated that he would reconsider the issue after proper briefing by the parties. Plaintiff objects to Defendants being allowed to rebrief the qualified immunity issue. Plaintiff's objection is without merit, and this Court adopts the Magistrate Judge's Recommendation on this point.

## IV. CONCLUSION

For the foregoing reasons, the Magistrate Judge's Report and Recommendation is adopted in part and rejected in part. Plaintiff's Motion to Appoint Counsel is denied. Defendant's Motion to Dismiss is granted in part and denied in part, and the Recommendation is rejected to the extent that it recommends dismissing Plaintiff's official capacity claim for prospective injunctive relief. Last, Plaintiff's Motion for Preliminary Injunction is denied without prejudice.[2]

**SO ORDERED**, this the 28th day of March, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc

---

[2] Plaintiff did not object to the Magistrate Judge's ruling on his Motion for Preliminary Injunction, and therefore, this Court did not address it in this Order.