# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **JACK RAY WALLACE,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 5:07-cv-166 (HL) |
| **HALE BURNSIDE and REID GRIFFIN,** | : | |
| Defendants. | : | |

## ORDER

This matter is before the court on Defendants' Motion to Remove from Trial Calendar (Doc. 48) and Motion to Allow Out-of-Time Motion for Summary Judgment (Doc. 49), filed on June 27, 2008, and June 30, 2008, respectively. As the titles of the Motions suggest, Defendants, who failed to file a motion for summary judgment during the time provided by the Court's scheduling order, seek permission to file such a motion now that the case has been put on a trial calendar. Plaintiff has not had an opportunity to respond to the Motions, but in view of the fact that his most recent filing with the Court was a motion to put the case down for trial, the Court will assume that he objects to the Motions.

Unfortunately, this is not the first time the Court has been faced with this situation. In fact, it is all too common in the realm of prisoner litigation for defense counsel to allow cases to languish and then, after a case has been put on a trial

calendar, approach the Court, hat in hand, to seek permission to file an untimely motion.[1] Usually, as in this case, defense counsel argue that it will promote judicial efficiency to have the issues determined on summary judgment. And often counsel will argue, as in this case, that the defendants, who are usually government officials, are entitled to have their immunity issues considered by the courts. Such arguments typically win the day, and the late-filing defense counsel is allowed to get his case taken from the trial calendar and have his summary judgment motion put before the court. And such is the case today; the Motions are granted.

There is one caveat, however. This Order is intended to serve as notice to the Office of the Attorney General of Georgia and its Special Assistant Attorneys General that future requests to file untimely motions for summary judgment in prisoner litigation cases such as this one will be carefully scrutinized by the Court and likely will only be granted where there is some showing that the motion could not have been filed within the time directed by the Court. Counsel are urged to manage their cases effectively, and to use the tools already at their disposal, such as motions to extend discovery, motions to stay discovery, and motions to extend the time for filing dispositive motions, to avoid having to seek permission to file untimely motions.

In view of the foregoing, therefore, the Motion to Allow Out-of-Time Motion for Summary Judgment (Doc. 49) is granted; the Motion to Remove from Trial Calendar

---

[1] The Court uses the term "defense counsel" here in the generic sense, and does not mean to suggest that the problem is limited to the defense counsel in this case.

(Doc. 48) is granted. Defendants shall file their Motion for Summary Judgment by not later than the close of business on Thursday, July 3, 2008. The briefing periods for motions set forth in the Local Rules shall apply. The Clerk is directed to serve a copy of this Order on Thurbert Baker, Attorney General, and Devon Orland, Senior Assistant Attorney General, 40 Capital Square, S.W., Atlanta, Georgia 30334. This matter is hereby recommitted to the Magistrate Judge for such proceedings as may be appropriate.

**SO ORDERED**, this the 2nd day of July, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls