IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JACK RAY WALLACE,<br><br>                    Plaintiff<br>     VS.<br><br>HALE BURNSIDE and<br>REID GRIFFIN<br><br><br>                    Defendants | NO.  5:07-CV-166 (HL)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

# ORDER AND RECOMMENDATION

Currently before the court is a **MOTION FOR SUMMARY JUDGMENT** which has been filed by defendants HALE BURNSIDE and REID GRIFFIN. Tab #52.  This motion is supported by a brief, statement of undisputed material facts, several affidavits, and  numerous other exhibits.  Plaintiff JACK RAY WALLACE has been directed to and has filed a response to the defendants' motion.  Tab #68.

## LEGAL STANDARDS

### A. Summary Judgment

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

## B. Medical Treatment of Prisoners

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). To show deliberate indifference, the plaintiff must show three things: 1) that the government official had subjective knowledge of a risk of serious harm; 2) that the government official disregarded the risk; and 3) the government official did so by conduct that is more than gross negligence. *See Blanchard v. White County Detention Ctr. Staff*, 262 Fed. Appx. 959, 963 (11th Cir. 2008).

## FACTUAL BACKGROUND

The facts of this case viewed in a light most favorable to the plaintiff are as follows: Plaintiff JACK RAY WALLACE is a 79 year old convicted felon who is currently, and at all times relevant to the instant action has been, incarcerated at Men's State Prison in Hardwick, Georgia. He has been diagnosed with certain degenerative eye diseases including glaucoma and herpes simplex keratitis. During his incarceration, he has frequently sought and been provided with medical treatment for these and other ailments. Due to the nature of his degenerative eye conditions, plaintiff WALLACE has also been referred to and monitored by several ophthalmologists and treated with several different prescription medicines.

The instant complaint involves events surrounding the plaintiff's prescription for, receipt of, and subsequent use of one such medicine, Timolol eye drops. This prescription was filled by defendant REID GRIFFIN at the Middle Georgia Correctional Complex Pharmacy. The pharmacy facility is physically separate from Men's State Prison where plaintiff is incarcerated. After the prescription had been filled, it was transported to the prison, some one mile away. On October 19, 2005, after the medicine had been received in the pill room of the prison, a nurse dispensed the medicine to the plaintiff. Plaintiff WALLACE signed for and accepted the medicine without making any complaints about its condition. The medicine was subsequently and repeatedly self administered by the plaintiff. Seven (7) days later, prison medical records indicate that the plaintiff sought to discontinue his use of the medicine due to increased pain and decreased visual acuity. Thereafter, plaintiff concluded that the pain and decreased vision he was experiencing was a result not of his degenerative eye diseases but of contaminated Timolol.

## DISCUSSION

In his COMPLAINT, the plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs by issuing him a container of contaminated Timolol. In response, the defendants, a medical doctor and a pharmacist, deny that they personally issued him the allegedly contaminated medicine, deny that the medicine caused his pain and/or blindness, and contend that, as such, they are entitled to summary judgment. The undersigned agrees.

It is undisputed that the prescription for the Timolol was physically given to the plaintiff not by either of the defendants but by a nurse at the prison. In fact, neither of the defendants were present at the time the plaintiff was issued the medicine. It is also undisputed that the plaintiff gave no indication at the time that the medicine was issued to him, or for several days thereafter, that there were any problems with the condition or effects of the medicine. Furthermore, plaintiff WALLACE has failed to present *any* evidence to show that the medicine was, in fact, contaminated or that his use of the medicine, as opposed to the progression of his various eye ailments, caused him pain or reduced visual acuity.

Based on the matters before the court, it is clear that the plaintiff WALLACE has not shown that there are any *material* facts which are in dispute with regard to the defendants in this action. Moreover, he has not even properly alleged that either defendant was deliberately indifferent to his serious medical needs. Consequently, it appears that the defendants are entitled to judgment as a matter of law. Accordingly, **IT IS RECOMMENDED** that the defendants' MOTION FOR SUMMARY JUDGMENT be **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

Also pending before the court are plaintiff's **MOTION FOR SANCTIONS** (Tab #55), plaintiff's **MOTION FOR RULING ON OUTSTANDING MOTIONS** (Tab #66) and plaintiff's **MOTION TO STAY** (Tab #67). In view of the foregoing RECOMMENDATION, these motions are DENIED as MOOT.

SO ORDERED and RECOMMENDED this 11th day of FEBRUARY, 2009.



                              CLAUDE W. HICKS, JR.
                              UNITED STATES MAGISTRATE JUDGE