# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

**JACK RAY WALLACE,** :
:
  Plaintiff, :
:
v. : Civil Action No. 5:07-cv-166 (HL)
:
**HALE BURNSIDE and** :
**REID GRIFFIN,** :
:
  Defendants. :

## ORDER

    This matter is before the court on Order and Recommendation of United States Magistrate Judge Claude W. Hicks, Jr., entered February 11, 2009. Plaintiff, Jack Ray Wallace, has not filed objections to the Recommendation, as permitted by 28 U.S.C. § 636(b)(1). In the absence of any objections, the Court reviews the Recommendation for clear error. *See, e.g.*, Edwards v. Fischer, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006).

    Defendants, Hale Burnside and Reid Griffin, filed the Motion for Summary Judgment at issue here on July 3, 2008. Wallace responded to the Motion by, among other things, moving to compel Defendants to respond to his discovery requests, seeking sanctions for their failure to respond, and by requesting that a ruling on the motion for summary judgment be stayed until Defendants responded to his discovery requests. Defendants responded to Wallace's filings by arguing that his discovery requests were submitted too late, and not properly the subject of a motion to compel, but agreeing

nevertheless to respond to them. Wallace subsequently filed a motion in which he purported to withdraw his motion to stay, but asked that the Court rule on all outstanding motions before issuing a ruling on the motion for summary judgment. At the time this request was made on August 12, 2008, Wallace's motion for sanctions was still pending.

Rather than addressing the merits of the motion for sanctions, the Magistrate Judge entered a Recommendation on Defendants' motion for summary judgment. The Magistrate Judge found that Wallace had failed to put forth evidence sufficient to create fact issues that would preclude summary judgment. The Magistrate Judge then entered an order finding that Wallace's motion for sanctions, motion for ruling on outstanding motions, and motion to stay were moot.

The United States Court of Appeals has held that, as a general rule, "summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to discovery requests." Snook v. Trust Co. of Ga., 859 F.2d 865, 870 (11th Cir. 1988). In Snook, the court noted: "If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials." Id. In 1997, relying on the decision in Snook, the Eleventh Circuit stated, "The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." Jones v. City of Columbus, Ga., 120 F.3d 248, 253 (11th Cir. 1997).

In this case, the Magistrate Judge did not determine whether Wallace had an adequate opportunity to complete discovery prior to entering a Recommendation on the motion for summary judgment. Rather, the Magistrate Judge found the discovery motions to be moot, after ruling on the motion for summary judgment. Failure to address the outstanding requests for discovery before ruling on the motion for summary judgment was clear error.

Consistent with the foregoing, therefore, the Court sets aside that portion of the Order and Recommendation in which the Magistrate Judge finds that the discovery motions are moot. The Court remands this matter to the Magistrate Judge for a determination on the question of whether Wallace had an adequate opportunity to complete discovery and to make specific findings as to the discovery motions. The Court will hold in abeyance its ruling on the motion for summary judgment until a determination is made as to the discovery. The Court is not suggesting that Wallace's motions have merit–it may be that he received all of the discovery to which he was entitled, or that he waited too long to seek discovery from Defendants–but absent a determination on the question of whether Wallace had an adequate opportunity to complete discovery, a ruling on the motion for summary judgment would be premature.

**SO ORDERED**, this the 6th day of March, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mls