# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **JACK RAY WALLACE,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 5:07-cv-166 (HL) |
| | : | |
| **HALE BURNSIDE and** | : | |
| **REID GRIFFIN,** | : | |
| | : | |
| Defendants. | : | |
| _____ | | |

## ORDER

United States Magistrate Judge Claude W. Hicks, Jr. entered an Order and Recommendation on February 11, 2009.  Plaintiff, Jack Ray Wallace, did not file objections to the Recommendation, as permitted by 28 U.S.C. § 636(b)(1).  After review, the Court found that the Magistrate Judge erred in failing to address the outstanding requests for discovery before ruling on the motion for summary judgment. The Court thus remanded the matter to the Magistrate Judge for a determination on the question of whether Wallace had an adequate opportunity to complete discovery. The Court held in abeyance its ruling on the motion for summary judgment.

Since the entry of the Court's ruling on the Order and Recommendation, Wallace has filed a Motion to Extend Time for Objections and Discovery (Doc. 76) and Defendants have filed a response thereto.  In addition, the Magistrate Judge has entered an order on the related discovery issues.

In his order, the Magistrate Judge found that Defendants were not dilatory in responding to Wallace's discovery requests and that in August of 2008 they provided Wallace with the discovery he requested.  Wallace now contends that he should be allowed to conduct additional discovery, and should have additional time to respond to the Recommendation entered February 11, 2009.  Wallace's request for additional time was dated March 15, 2009, nearly two weeks after his objections were due. Wallace states that he requires more time to respond because the inmate who has been providing him with legal assistance was transferred to another facility in November of 2008.

While the Court understands that Wallace might have been limited in his ability to make adequate legal arguments in opposition to the Recommendation because of the transfer of his inmate assistant, the Court fails to understand why Wallace waited so long to seek an extension of time in which to file his objections.  Wallace knew as early as November of 2008 that his assistant would no longer be available to him, yet failed to take steps to protect himself, such as moving within the time for filing objections to obtain more time.  Under these circumstances, the Court finds that an extension of time is not warranted and his motion for extension of time to file objections is denied.

Wallace also asks for time to conduct additional discovery.  Defendants state that they have provided Wallace with the discovery sought by him.  Wallace has responded to Defendants' assertions by making vague references to Defendants'

2

alleged dilatory practices.  However, Wallace does not provide the Court with any specific information as to what discovery has yet to be provided to him or what additional discovery needs to be done.  In the absence of a more compelling showing by Wallace, his motion to extend discovery is denied.

Consistent with the foregoing, therefore, Wallace's Motion to Extend Time for Objections and Discovery (Doc. 76) is denied.  The Court has reviewed the Recommendation of the Magistrate Judge and finds no error in his conclusion that Wallace has failed to show that there are genuine issues as to any material facts so as to precluded judgment as a matter of law.  As a result, the Court accepts the Recommendation of the Magistrate Judge, and Defendants' Motion for Summary Judgment (Doc. 52) is granted.  There being no other matters for determination, let judgment be issued accordingly.

**SO ORDERED**, this the 24th day of March,  2009.


*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mls